TOWNSEND v. The EAGLE. See Case No. 11,626.

TOWNSEND (LANE v.). See Case No. 8,054.

---

## Case No. 14,117.

### TOWNSEND v. LEONARD et al.

[3 Dill. 370; [1] 1 Cent. Law J. 69.]

Circuit Court, D. Kansas. Nov. Term, 1873.

BANKRUPTCY — POSSESSION OF SHERIFF — LEVY MADE BEFORE BANKRUPTCY PROCEEDINGS.

1. Property in the hands of the sheriff, under execution from a state court levied before the proceedings in bankruptcy were commenced, cannot, at the instance of the assignee in bankruptcy, be taken out of the possession of the sheriff by the federal court.

[Cited in Kimberling v. Hartley, 1 Fed. 575.]

2. In such a case, the possession of the sheriff is the possession of the court of which he is the officer, and while his possession as such officer continues, no other court can interfere with it.

Judgments against the bankrupt [O. H. Viergutz] were rendered in the state court, and levies made thereunder by the sheriff, before the proceedings in bankruptcy were commenced. The sheriff has made sales under the levies, and the proceeds are in his hands. This is a bill in equity by the assignee in bankruptcy [Cyrus Townsend] against the sheriff and the execution plaintiffs [Thomas Leonard and Charles H. Pond], attacking the judgment, levy and sale, as having been obtained and made contrary to the bankrupt act, and with intent to acquire an illegal preference. The federal district court granted an order restraining the sheriff from paying over the proceeds of the sales to the execution plaintiffs, and the proceeds are still in the hands of the sheriff. The bill prays for a perpetual injunction against the sheriff from paying over the proceeds to the execution plaintiffs, and asks that the proceeds shall be paid over to the complainant, as assignee in bankruptcy. An answer has been filed by the sheriff, and proofs taken, and the cause is now upon final hearing. The other defendants have not answered, not having been personally served.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 1 N. B. R. 217 (Quarto, 1).]

[2] [From 1 N. B. R. 217 (Quarto, 1).]
[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Z. E. Britton and F. P. Fitzwilliam, for plaintiff.

Clough & Wheat, for defendants.

DILLON, Circuit Judge. The property or money of which the assignee, by the bill of complaint, seeks to obtain possession, is in the hands of the sheriff, and was obtained under an execution, which was issued and levied upon the property of the bankrupt before the proceedings in bankruptcy were commenced. Assuming that the bill in other respects presents a case of equity cognizance, can this court take jurisdiction of the sheriff and the fund in his hands, and subject him and the fund to its control? That this cannot be done on general principles, is conclusively settled. Peck v. Jenness, 7 How. [48 U. S.] 612; Taylor v. Carryl, 20 How. [61 U. S.] 583; Buck v. Colbath, 3 Wall. [70 U. S.] 334.

Is the rule in this respect changed by the bankrupt act? The presiding justice of this circuit has held that it is not. Johnson v. Bishop [Case No. 7,373]. And such seems to be the opinion of the supreme court of the United States in the recent case of Marshall v. Knox, 16 Wall. [83 U. S.] 551. In the case last cited, Mr. Justice Bradley says, arguendo, that "where an execution on final judgment has been levied by a sheriff prior to the commencement of proceedings in bankruptcy, the possession of the sheriff cannot be disturbed by the assignee; the assignee is only entitled to claim the residue in the hands of the sheriff after satisfying the execution in his hands." In Johnson v. Bishop, supra, Mr. Justice Miller says: "The possession of the sheriff is the possession of the court, by the command of whose writ he seized the property. And so long as the proceedings in virtue of which it is taken, are pending, that possession will not be interfered with by any other court."

The bill must, therefore, be dismissed; but it will be without prejudice to any other action or suit by the assignee against the judgment creditors of the bankrupt or either of them. Bill dismissed.

NOTE. See Bradley v. Frost [Case No. 1,780], and Wilson v. City Bank of St. Paul (decided by the supreme court: Dec. Term. 1873) 17 Wall. [84 U. S.] 473, and cases following it decided subsequently by that court.